Doyle, J.
By a uniform line of decisions it is established as the settled law of this state that a covenant of seizin in a deed is not broken, where the grantor is in actual possession of the lands under color of title when the deed is executed and the grantee enters under it, until such grantee is evicted. Backus v. McGoy, 3 Ohio, 211; Robinson v. Weil, 3 Ohio, 525; Foote v. Burnett, 10 Ohio, 317; Devore v. Sunderland, 17 Ohio, 52; Stambaugh v. Smith, 23 Ohio St. 584; Great Western Stock Co. v. Saas, 24 Ohio St. 549; Lane v. Fury, 31 Ohio St; 574.
Such covenant may be real or personal. If the grantor is in actual possession, claiming adversely or under color of title, at the time of the conveyance, the covenant is real and runs with the land ; and such a conveyance will carry with it* the previous real covenants in the grantor’s chain of title. If, however, the grantor is not in actual possession, and is without title, the covenant of seizin is instantly broken and is a personal right in the covenantee, upon which he may immediately have his action, and will not run with the land. 17 Ohio, 60.
The eviction of the grantee, under a paramount title,'gives the grantee a right of action upon such covenant which is personal and will not pass by a conveyance of the land made after such eviction. Therefore, until plaintiff in error was evicted, there was no breach of the covenants in his deed from defendants in error.
While these principles are admitted it is claimed that the judgment in the ejectment -action, amounted to an eviction, which gave plaintiff in error an immediate right of action upon *323 such covenants, which did not and could not pass by his conveyance to Belle Betz.
Undoubtedly, upon the judgment of ouster being rendered plaintiff in error might have yielded to the paramount title established thereby, and, after purchasing it, maintained his action on the covenants of warranty, Lane v. Fury, 31 O. S. 571; or he might have submitted to actual ouster and had his action as well on the covenants of seizin. But he need not do either. He might still maintain and continue his possession, (the same possession received from his grantors) until actual eviction, and while thus maintaining it, and claiming adversely to the plaintiff in the ejectment, he would have no cause of action upon the covenants in his deed. Such actual possession, might, notwithstanding the judgment in ejeetment, ripen into a title. It was a sufficient seizin to base a conveyance upon, with covenants of seizin which would not be broken until eviction of the covenantee to whom such actual possession was delivered.
Plaintiff in error adopted this latter course. He continued in possession of the whole land, and instead of yielding to the title asserted in the action of ejectment, he conveyed the whole land, by deed with full covenants of seizin and warranty to Belle Betz, to whom the actual possession of the entire tract was delivered.
The covenants upon which he sues in this action, were real covenants and passed by his conveyance to his grantee. She is the real party in interest and the plaintiff in error cannot maintain this action.

Motion overruled. ■